## PD UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

        Plaintiff,

v.

        Case No.      **19   3486**

UPENN HOSPITALITY, INC., d/b/a
SHERATON UNIVERSITY CITY HOTEL,

        Defendant.

        /

**FILED**

**AUG 0 1 2019**

KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, UPENN HOSPITALITY, INC. d/b/a Sheraton University City Hotel (sometimes referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1.    Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

2.    Defendant's property, Sheraton University City Hotel, is located at 3549 Chestnut Street, Philadelphia, PA, in the County of Philadelphia.

3.    Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.   *See*, *also*, 28 USC § 2201 and § 2202.

5.      Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school.   After completion of her studies, she founded a business and resided in the area until 2011.   She was active in the business community and has many long-standing relationships that she has maintained throughout the years.   She also had two children during those years, through which she knew many people.

Helen Swartz visited the property which forms the basis of this lawsuit from June 28 through June 29, 2019, and has reservations to return to the property on February 28 through February 29, 2020.   Her daughter and granddaughter will be joining her to enjoy the beautiful campus of the University of Pennsylvania.   She also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.   The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities the property has to offer and use the restrooms.

6.      The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 10.   The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

2

7.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Sheraton University City Hotel, and is located at 3549 Chestnut Street, Philadelphia, PA   19103, in the County of Philadelphia.

8.     HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  HELEN SWARTZ desires to visit Sheraton University City Hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the Sheraton University City Hotel has shown

that violations exist.    These violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

        a.      An accessible passenger loading zone is not provided in front of the site. This is in violation of section 503 of the 2010 Standards for Accessible Design. This condition made it difficult for plaintiff to gain access to the site. §36.304

        b.      The ramp does not have appropriate handrails.   This is in violation of section 405.8 of the 2010 Standards for Accessible Design §36.304. This condition made it difficult for the plaintiff to access.

        c.      The check-in counter is too high.   This is in violation of sections 227 and 904 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff to access the counter. §36.304.

        d.      Accessible seating is not provided at the assorted tables or bar. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access the tables in the hotel.

        e.      The bars are too high, including in the Sang Kee Noodle House.   This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access to the bar in the hotel.

        f.      The vending machine is out of reach to a person in a wheelchair.   This is in violation section 228.1 of the 2010 Standards for Accessible Design §36.202, §36.304. This condition denied plaintiff access to get a drink from the machine.

        g.      In the Sang Kee toilet compartment, the pipe underneath the lavatory is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to access the facility.

        h.      In the Sang Kee toilet compartment, the mirror is too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to access the facility.

        i.      In the Sang Kee toilet compartment, the paper seat dispenser is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to access

the facility.

j.     In the accessible guestroom, the closet rod is out of reach to a person using a wheelchair.  This is in violation of section 811 of the 2010 Standards for Accessible Design.  This condition made it difficult for the plaintiff to hang up her closes. §36.304.

k.     In the accessible guestroom bathroom, appropriate grab bars are not provided in the roll-in shower.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

l.     In the accessible guestroom bathroom, a fixed seat is not provided in the roll-in shower.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

m.     In the accessible guestroom bathroom, the pipe underneath the lavatory is exposed.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to enter/exit the bathroom.

n.     The shower spray unit in the roll-in shower in the accessible guestroom bathroom does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

o.     Items in the accessible guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

p.     Appropriate Designations identifying permanent rooms and spaces are not provided by the doors. This is in violation of section 216.2 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to find the appropriate rooms.

q.     In the toilet compartment, grab bars are not provided at the water closet. This is in violation of section 604.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility. §36.304.

r.     In the toilet compartment, the mirror is too high for a person in a wheelchair. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the mirror. §36.304.

5

s. In toilet compartment, the pipe underneath the lavatory is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the plaintiff to access the facility.

t. Inside the toilet compartment, the paper towel dispenser is too high. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the dispenser. §36.304.

u. Inside the toilet compartment, the seat height of water closet is too low. This is in violation of section 604.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility. §36.304.

v. The toilet compartment door hardware requires tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the door. §36.304.

w. In the Fitness toilet compartment, grab bars are not provided at the water closet. This is in violation of section 604.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility. §36.304.

x. In the Fitness toilet compartment, the flush control is located on the closed side of the water closet. This is in violation of section 604.9.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility. §36.304.

y. In the Fitness toilet compartment, the mirror is too high for a person in a wheelchair. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the mirror. §36.304.

z. Inside the Fitness toilet compartment, the paper towel dispenser is too high. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the dispenser. §36.304.

aa. Inside the Fitness toilet compartment, the hook is too high. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility. §36.304.

bb. Access is not provided to the outdoor patio. This is in violation of sections 206.2.2 and 303 of the 2010 Standards for Accessible Design. §36.304. This

6

condition made it difficult for the Plaintiff to use the dispenser. §36.304.

        cc.    The pool showers do not offer an accessible showerhead. This is in violation of sections 309 and 608.6 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility. §36.304.

        dd.    The hotel does not provide the required amount of compliant accessible guest rooms. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.

### Maintenance

        ee.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

    11.    All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

    12.    The discriminatory violations described in Paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. In order to remedy this discriminatory situation, the Plaintiff

requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendant have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial   facility in violation of 42 USC § 12181 *et seq.* and 28 CFR. 36.302 *et seq*.   Furthermore, the Defendant continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the  Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities,

8

including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.    Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Sheraton University City Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or

9

procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

      d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: _____, 2019

Respectfully submitted,

David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossito
600 Easton Road
Willow Grove, PA  19090
Telephone:  215.496.2902
Facsimile:  215.564.2879
ddessen@dms-lawyer.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL  33181
Telephone:  305.891.5199
Facsimile:  305.893.9505
lfuller@fullerfuller.com

*Attorneys for Plaintiff Helen Swartz*

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HELEN SWARTZ, Individually | UPENN HOSPITALITY, INC d/b/a SHERATON UNIVERSITY CITY HOTEL |

**(b)** County of Residence of First Listed Plaintiff    Miami-Dade County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Dessen, Dessen, Moses & Rossito, 600 Easton Rd, Willow Grove, PA 19090, 215.496.2902 & Fuller, Fuller & Assoc., 12000 Biscayne Blvd, N Miami, FL 33181, 305.891.5199 [PHV pending]

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title III of the Americans with Disabilities Act, 42 USC Sec. 12181, et seq
Brief description of cause:
Equal access to places of public accommodation for persons with disabilities

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE        DOCKET NUMBER

DATE   7/30/19    SIGNATURE OF ATTORNEY OF RECORD

AUG -1 2019

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

3486

19

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ____ 1330 West Avenue, Miami Beach, FL 33139

Address of Defendant: ____ 3549 Chestnut Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Sheraton University City Hotel, 3549 Chestnut St., Phila., PA 19104

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ✔

I certify that, to my knowledge, the within case ☐ is / ✔ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 07/30/2019    *Attorney-at-Law / Pro Se Plaintiff*    17627    *Attorney ID # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights ✔
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify)*

**B.  Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*
7. Products Liability
8. Products Liability — Asbestos
9. All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David S. Dessen, Esq., counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

✔ Relief other than monetary damages is sought.

AUG - 1 2019

DATE 07/30/2019    *Attorney-at-Law / Pro Se Plaintiff*    17627    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

HELEN SWARTZ, Individually,
     v.
UPENN HOSPITALITY, INC.,
d/b/a SHERATON UNIVERSITY CITY HOTEL

CIVIL ACTION NO. **19**  **3486**

           :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus ·· Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security · Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration ·· Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos ·· Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management · Cases that do not fall into any one of the other tracks.     (**X**)

| 7/30/19 | **David S. Dessen** | **Plaintiff** |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
|  | 658-8747 |  |
| 215-658-1400 | 215-564-2879 | ddessen@dms-lawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

AUG - 1 2019